RADIENT TEMPLE, No. 2, ORDER UNITED AMERICANS,

*v.*

WILLIAM R. PIPER, executor, et al.

[Filed October 24th, 1901.]

A beneficial association's constitution provided that on the death of a member in good standing a funeral benefit of not less than $30 should be paid as specified in the by-laws, and, should the member leave no relative, an officer of the association should receive the funeral benefit and attend to the decent burial. The by-laws prescribed that a death benefit of $150 should be paid on the death of a member in good standing, and authorized an officer of the association, on the death of a member, to immediately pay $25 to the family or person bearing the expense of the burial.—*Held,*

that a husband of a deceased member of the society, who was the sole survivor of deceased, and who had paid the funeral expenses, was entitled to the death benefit fund, and not the executor of deceased's estate.

*Mr. Scott Scammell,* for William R. Piper.

*Mr. John Sykes,* for Joseph Conrad.

REED, V. C.

The complainant filed a bill of interpleader and tendered itself ready to pay $150 as death or funeral benefits to the person entitled. This benefit became due upon the death of Rebecca Conrad, a deceased member of the order, who left a husband, Joseph Conrad, and a will, in which William R. Piper is named as executor, by which will all her property is left to the brothers and sisters of the testatrix. The funeral expenses of the deceased member have been paid or incurred by the husband. Testatrix died without children, and the only remaining member of her immediate family is her husband. The only pertinent provisions respecting the payment of this fund are to be found in article 7, paragraph 7 of the constitution of the subordinate lodges of the order, and in article 6, paragraphs 7 and 8 of the by-laws of such subordinate lodges.

The provision in the constitution reads as follows:

"In case of the death of a member in good standing, and entitled to weekly benefit, a funeral benefit of not less than $30, as the by-laws shall specify, shall be paid. Should the member leave no relative, it shall be the duty of the Grand Instructor to receive the funeral benefit and attend to the decent interment of the deceased."

Section 7 of the by-laws reads as follows: "In case of death of a member in good standing, $150, more or less, and less his or her unpaid dues, shall be paid as death benefit;" and section 8 reads as follows:

"In case of death of a member, the Grand Instructor shall immediately on notification have an order drawn for $25, attested by the Grand Secretary and the Seal of Temple attached, to be paid to the family, or the person bearing the expenses of the burial. And in consideration of this Temple being connected with the Funeral Benefit Association, will pay an additional sum of $125, more or less, as funeral benefits."

The constitution and by-laws constitute the contract entered into between the member and the order. The certificate only certifies that the deceased was a member. No beneficiary is named in the certificate, therefore there is no appointment by the member, and necessarily no power in the member to change an appointment. The scheme is a purely beneficial one, and has none of the elements of a life insurance policy. There is nothing to fall into the estate of a deceased member, and nothing upon which the will of a testator can operate. The purpose of the beneficial scheme is to provide for the obsequies and interment of the deceased member. The only indication of the party to whom the money shall be paid is to be found in the paragraphs already set out. By the constitution the benefit is to be paid to the head officer of the subordinate temple, if there is no relative, which raises the implication that it is to be paid to a relative, if there is one. The by-law is more specific, by directing that the first $25 shall be paid to the family, or to the person bearing the expenses of the burial. The remaining $125, more or less, whatever the last words may mean, is presumably to be paid to the same person. In this case the husband comes within both descriptions—he 'constitutes the family, and he also has borne the expenses of the burial—to whom therefore, in my judgment, the fund in question should be paid.